JOHN O'TOOLE v. OWEN SHAM.

Evidence—Acceptance of Deed Showing Consideration, Prima Facie Evidence
    Pleadings.—Deeds.
    The admission in a replication to a counter-claim, of the acceptance
    of a deed, showing on its face a specific consideration, is prima facie
    evidence of an agreed price to be paid· for land embraced in the deed.

Rplication—Burden of Proof—Pleadings.
    Where a replication states facts, which if proved, would countervail
    the import of the recital of a consideration in a deed offered by a
    defendant, and controverts the material allegations of a counterclaim.
    the burden of proof is on the defendant.

APPEAL FROM KENTON CIRCUIT COURT.

Sepetmber 23, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

In this action, which was upon several promissory notes, the
defendant answered, alleging in bar of the action, and as a counter
claim over against the plaintiff, that after the execution of the
notes, and while they were in the hands of Charles Holmes, to
whom the plaintiff had endorsed them, and from whom he subse-
quently took them up, the defendant, who is a marble worker,
having an opportunity to sell a monument to John Galvin at the
price of $1,000 to be satisfied in a tract of land in Monroe county,
Indiana, at that price,

> "it was agreed by and between plaintiff and defendant
> before said monument was exchanged for said land that
> the land was to be conveyed by Galvin· to plaintiff, who
> received said land in payment therefor, and was to pay to
> defendant the difference between the amount of the notes
> and the $1,000, the price of the land."

It was further alleged in the answer that Galvin conveyed the
land to the plaintiff, who then paid off said notes, but failed to
pay said difference, for which he prays judgment.

The plaintiff replied to the counter-claim and also filed an
answer to certain interrogatories annexed to the defendant's
answer.

The court rendered judgment for the plaintiff for the notes sued on, to, be credited by $300 for the land, and from that judgment O'Toole prosecutes this appeal.

The deed from Galvin for the land, which appears to have been accepted by the appellee, recites that it was made in consideration of one thousand dollars, and this is the only evidence of the price at which the land was received, or its value, or that of the monument, except the admisions of the pleadings and the appellee's answer to interorgatories. The answers to the interrogatories not being directed by the questions to this particular inquiry, do not materially elucidate it, and we do not regard the reply as evidence. It states facts, however, which, if proved, would countervail the import of the recital made in the deed of the price of the land, and it moreover sufficiently controverts the material allegations of the counter claim, so far at least as they aver facts sufficient to authorize a judgment more favorable to the appellant than that which was rendered; and on the issue thus formed the burden of proof was on the defendant. The appellee having accepted the deed, as he admits in his reply, its recital of the price of the land was against him at least *prima facie* evident that he took the land at the price of $1000, and in the absence of any competent countervailing evidence, was in our opinion sufficient the judgment rendered is therefore deemed erroneous.

To avoid injustice to either party, resulting from defective preparation which may have been the consequence of a misconstruction of the pleadings, either party will be allowed to adduce further evidence on the return of the cause.

For the error suggested, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

JUDGE PETERS dissenting.

*Stevenson & Myers, for appellant.*